**EXHIBIT A**

| | |
|---|---|
| DISTRICT COURT, ARAPAHOE COUNTY, STATE OF COLORADO<br><br>Court Address: 7325 S. Potomac Street, Centennial, CO 80112 | DATE FILED<br>October 21, 2026 12:56 PM<br>FILING ID: C900645BA162D<br>CASE NUMBER: 2026CV32847 |
| Maryette Lorsung<br><br>*Plaintiff*<br><br>v.<br><br>The Kroger Company, a foreign entity<br>Brixmor Centennial SC, LLC, a foreign entity<br><br>*Defendants* | COURT USE ONLY |
| Counsel for Plaintiff:<br><br>Raj Chohan #42845<br>The Max Law Firm, LLC<br>80 Garden Center, Suite 120<br>Broomfield, CO 80020<br>Phone: (720) 699-8268<br>Fax: (720) 699-8269<br>Email: raj@maxinjurylaw.com | Case No.<br><br>Division: |

**COMPLAINT WITH JURY DEMAND**

Plaintiff, Maryette Lorsung, through counsel, Raj Chohan of The Max Law Firm, LLC, for her Complaint against Defendants, states and alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff is a resident of Denver, Colorado.

2. Defendant, The Kroger Co., (hereinafter "Kroger") is a foreign corporation, with its principal office in Cincinnati, OH. Upon information and belief, the company has a principal office address of 1014 Vine Street, Cincinnati, OH 45202.

3. Kroger's registered agent is Corporation Service Co., 1900 W. Littleton Blvd., Littleton, CO 80120.

4. Upon information and belief, at all times relevant, this Defendant owned and/or managed the King Soopers store located at 5050 S. Federal Blvd. in Englewood, CO 80110.

5. Defendant, Brixmor Centennial SC, LLC, (herinafter "Brixmor") is a Delaware entity with its principal office at 100 Park Avenue, Ste. 600N, New York, NY 10017.

6. Brixmor's registered agent in Colorado is Corporation Service Company, 1900 W. Littleton Blvd., Littleton, CO 80120.

7. Upon information and belief, at all relevant times, Brixmor owned and managed Centennial Shopping Center at 5050 S. Federal Blvd. in Englewood, CO 80110.

8. The tortious acts which form the basis of this complaint occurred in Arapahoe County, Colorado.

9. This court has jurisdiction over the subject matter at issue because this is a civil action for damages. Colo. Const. Art. VI, § 9(1).

10. Venue is proper in Arapahoe County pursuant to C.R.C.P. 98(c).

## GENERAL ALLEGATIONS

11. On or about May 18, 2026, Plaintiff went to the King Soopers store at 5050 S. Federal Blvd. in Englewood, CO 80110 to shop for groceries.

12. Plaintiff went to the store during normal business hours.

13. King Soopers is in the business of selling groceries and other household goods to its customers who are expected to enter the store to shop and purchase goods.

14. After purchasing goods at the subject King Soopers store, Plaintiff pushed her store shopping cart out of the store exit and into the parking lot towards her car.

15. Plaintiff's vehicle was located approximately two-hundred feet from the store exit.

16. Weather conditions at the time included heavy rain. The rain was heavy enough that it filled-in a pothole in the parking lot thereby concealing it from Plaintiff's view.

17. Even if had not been raining, Plaintiff would likely not have been able to see the pothole in front of her because her shopping cart blocked her view of the pavement.

18. As Plaintiff walked towards her car, while pushing the shopping cart in front of her, she did not see the pothole in front of her.

19. A wheel from Plaintiff's cart got stuck in the pothole causing the cart and Plaintiff to fall to the pavement causing injuries, damages, and losses to Plaintiff.

20. When Plaintiff fell, her shopping cart fell on top of her.

21. The front of Plaintiff's right leg, around the shin, was impacted by the cart tearing her skin away from her leg, down to the bone. Her left leg also sustained injuries to the ankle and shin area with open wounds on the left leg as well.

22. She suffered injuries and bruising to other parts of her body as well.

23. Plaintiff was ambulanced to the hospital for medical treatment.

24. At all times relevant Kroger was the "statutory landowner" of the subject premises within the meaning of C.R.S. § 13-21-115 because Kroger owned, operated, and managed the subject King Soopers store and had possession and control of the subject parking lot.

25. Because Plaintiff was on the premises for the purpose of transacting business with and for the benefit of King Soopers, Plaintiff was an "invitee" or "business invitee" on the subject premises within the meaning of C.R.S. § 13-21-115.

26. Kroger at all times relevant, owed a duty of care to the public and to Plaintiff in particular as a "business invitee," to have reasonably kept, maintained and inspected their premises, including the parking lot where Plaintiff fell, to keep it free of potholes and in a condition free of any dangers which would be known to cause slips and falls.

27. At all times relevant, Plaintiff used a portion of the parking lot that was intended for customer foot and cart traffic to and from the subject King Soopers store.

28. Kroger knew or should have known that allowing a substantial pothole to exist where Plaintiff fell would be a dangerous condition under Colorado's Premises Liability Act.

29. Kroger knew or should have known in the exercise of reasonable care that the subject parking lot where the pothole existed was an area of known and expected foot traffic utilized by customers such as Plaintiff, which circumstances would create a "heightened" duty of care to keep the subject premises' parking lot maintained safely from potholes.

30. Kroger failed to use reasonable care to protect Plaintiff from the dangerous condition, namely- the subject pothole, which caused her to fall.

31. Kroger failed to post any signage or warning to its customers that the subject pothole existed and that it could be a tripping or falling hazard to customers.

32. Defendant Kroger, through its agents or employees, knew or should have known about the dangerous condition on the subject property that caused Plaintiff to suffer injury.

33. Upon information and belief, Defendant, Kroger, did know about the dangerous condition on the subject property that caused Plaintiff to suffer injury.

34. Defendant, Kroger, owed Plaintiff a duty of care to protect her from the dangerous condition on the subject property that caused her injuries.

35. Defendant, Kroger, breached its duty of care owed to Plaintiff to protect her from the dangerous condition on the subject property that caused her injuries.

36. As a direct, proximate, and foreseeable result of the Defendant Kroger's breach of its duty of care, Plaintiff has incurred past and future economic losses including extensive medical evaluation and treatment.

37. As a direct, proximate, and foreseeable result of the Defendant Kroger's breach of its duty of care, Plaintiff has suffered disfigurement and permanent physical impairment.

38. As a direct, proximate, and foreseeable result of the Defendant Kroger's breach of its duty of care, Plaintiff has suffered past and future noneconomic damages including pain and suffering, loss of enjoyment of life, emotional anguish, and inconvenience.

39. Defendant, Brixmor, at the time of the subject injury, was the owner and property manager for Centennial Shopping Center, which owns and manages the real property at 5050 S. Federal Blvd. in Englewood, CO 80110, where the King Soopers and subject parking lot is located.

40. Upon information and belief, part of Brixmor's responsibility as property manager, at the time of the subject incident, was to maintain the parking lot area and keep it free of potholes that could cause customers at King Soopers to be injured.

41. Defendant Brixmor, through its agents or employees, knew or should have known about the dangerous condition on the subject property that caused Plaintiff to suffer injury.

42. Upon information and belief, Defendant Brixmor, did know about the dangerous condition on the subject property that caused Plaintiff to suffer injury.

43. Defendant Brixmor, owed Plaintiff a duty of care to protect her from the dangerous condition on the subject property that caused her injuries.

44. Defendant Brixmor, breached its duty of care owed to Plaintiff to protect her from the dangerous condition on the subject property that caused her injuries because Defendant Brixmor failed to repair the subject pothole and failed to provide warning to customers in the form of signage that the pothole existed and could be a trip-and-fall hazard.

45. As a direct, proximate, and foreseeable result of the Defendant Brixmor's breach of its duty of care, Plaintiff has incurred past and future economic losses including extensive medical evaluation and treatment.

46. As a direct, proximate, and foreseeable result of the Defendant Brixmor's breach of its duty of care, Plaintiff has suffered disfigurement and permanent physical impairment.

47. As a direct, proximate, and foreseeable result of the Defendant Brixmor's breach of its duty of care, Plaintiff has suffered past and future noneconomic damages including pain and suffering, loss of enjoyment of life, emotional anguish, and inconvenience.

## FIRST CLAIM FOR RELIEF

(Premises Liability of Defendant Kroger)

1. Plaintiff incorporates all prior allegations as though fully set forth herein.

2. At all relevant times, Plaintiff was an invitee at the subject King Soopers store, per Colorado's Premises Liability Act, 13-21-115, C.R.S.

3. If Plaintiff was not an invitee on the subject property at the time of injury, then she was a licensee under Colorado's Premises Liability Act.

4. Defendant Kroger, owned, operated, possessed, or controlled, in whole or in part, the subject portion of the property at 5050 S. Federal Blvd. in Englewood, CO 80110, and was a statutory landowner under Colorado's Premises Liability Act as defined at Section 13-21-115, C.R.S.

5. Defendant Kroger, through its agents or employees, knew or should have known about the dangerous condition on the subject property that caused Plaintiff to suffer injury.

6. Defendant Kroger, through its agents or employees, knew about the dangerous condition on the subject property that caused Plaintiff to suffer injury.

7. Defendant Kroger, through its agents or employees, failed to use reasonable care to protect Plaintiff from the dangerous condition, namely – the pothole, which caused her to fall and suffer injury.

8. As a direct, proximate, and foreseeable result of Defendant Kroger's breach of its duty of care to Plaintiff, Plaintiff suffered physical injuries, past and future economic and noneconomic damages, including physical pain and suffering, inconvenience, loss of enjoyment of life, mental anguish, medical, hospital and doctor bills, disfigurement and permanency or impairment in amounts to be determined at the time of trial.

## SECOND CLAIM FOR RELIEF

(Premises Liability of Defendant Brixmor)

9. Plaintiff incorporates all prior allegations as though fully set forth herein.

10. At all relevant times, Plaintiff was an invitee at the subject King Soopers store, per Colorado's Premises Liability Act, 13-21-115, C.R.S.

11. If Plaintiff was not an invitee on the subject property at the time of injury, then she was a licensee under Colorado's Premises Liability Act.

12. Defendant Brixmor, owned, operated, possessed, or controlled, in whole or in part, the subject portion of the property at 5050 S. Federal Blvd. in Englewood, CO 80110, and was a statutory landowner under Colorado's Premises Liability Act as defined at Section 13-21-115, C.R.S.

13. Defendant Brixmor, through its agents or employees, knew or should have known about the dangerous condition on the subject property that caused Plaintiff to suffer injury.

14. Defendant Brixmor, through its agents or employees, knew about the dangerous condition on the subject property that caused Plaintiff to suffer injury.

15. Defendant Brixmor, through its agents or employees, failed to use reasonable care to protect Plaintiff from the dangerous condition, namely – the pothole, which caused her to fall and suffer injury.

16. As a direct, proximate, and foreseeable result of Defendant Brixmor's breach of its duty of care to Plaintiff, Plaintiff suffered physical injuries, past and future economic and noneconomic damages, including physical pain and suffering, inconvenience, loss of enjoyment of life, mental anguish, medical, hospital and doctor bills, disfigurement and permanency or impairment in amounts to be determined at the time of trial.

## JURY DEMAND

17. Plaintiff demands a jury on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court enter judgement against Defendants and in her favor for actual damages in an amount to be determined at the time of trial, prejudgment interest from the date of the injury, post judgment interest, costs, expert witness fees, and for such other and further relief as this Court deems proper.

Respectfully submitted this October 21, 2026.

Plaintiff Address:
Maryette Lorsung
c/o Max Law Firm, LLC
80 Garden Center, Ste. 120
Broomfield, CO 80020

THE MAX LAW FIRM, LLC

By: */s/Raj Chohan*
Raj Chohan #42845
Attorney for Plaintiff